UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Huong Quynh Thi LE, Thao Van TRAN, Mai Thanh TRAN, and Huong Thao TRAN, <br>    Plaintiffs <br>v. <br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security; JOSEPH B. EDLOW, Director U.S. Citizenship and Immigration Services; and SAMANTHA DESHOMMES Chief, U.S. Citizenship and Immigration Services Immigrant Investor Program, <br>    Defendants. | C.A. No. |

**PLAINTIFFS' COMPLAINT FOR DECLARATORY AND MANDAMUS RELIEF**

This action is brought by the lead Plaintiff, **Huong Quynh Thi Le**, and her dependent family members, **Thao Van Tran, Mai Thanh Tran, and Huong Thao Tran**, against the Defendants to compel action on a pending Form I-829, Petition by Entrepreneur to Remove Conditions on Permanent Resident Status ("Form I-829"), filed by the Plaintiffs in 2018. The Form I-829 remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the detriment of each Plaintiff. The Plaintiffs' Form I-829 Petition meets all the requirements for approval. The Defendants' continuing and inexcusable delay in acting on the Plaintiffs' Form I-829 Petition is contrary to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), 706(2)(A), (C), (D), and warrants an exercise of this Court's mandamus power under the Mandamus and Venue Act ("Mandamus Act"), 28 U.S.C. § 1361.

**PARTIES**

1. The lead Plaintiff, **Huong Quynh Thi Le,** is a native and citizen of Vietnam who resides lawfully in the Commonwealth of Massachusetts pursuant to the approval of her conditional

lawful permanent residency on September 28, 2016.  The Plaintiff lives in Cambridge, Massachusetts.

2.    The Plaintiff, **Thao Van Tran,** was born in the Czech Republic and is a citizen of Vietnam. She has resided lawfully in the United States pursuant to the approval of her conditional lawful permanent residency on December 16, 2016.  Ms. Tran is the biological daughter of the Plaintiff, Huong Quynh Thi Le.

3.    The Plaintiff, **Mai Thanh Tran,** was born in the Czech Republic and is a citizen of Vietnam. She has resided lawfully in the United States pursuant to the approval of her conditional lawful permanent residency on September 28, 2016.  Ms. Tran is the biological daughter of the Plaintiff, Huong Quynh Thi Le.

4.    The Plaintiff, **Huong Thao Tran,** was born in the Czech Republic and is a citizen of Vietnam. She has resided lawfully in the United States pursuant to the approval of her conditional lawful permanent residency on September 28, 2016.  Ms. Tran is the biological daughter of the Plaintiff, Huong Quynh Thi Le.

5.    The Defendant, **Kristi Noem**, is being sued in her official capacity as the Secretary of the Department of Homeland Security.  In this capacity, she is charged with the administration and enforcement of the immigration laws, pursuant to 8 U.S.C., §1103, and she possesses extensive discretionary powers to grant certain relief to non-U.S. Citizens. More specifically, the Secretary of the Department of Homeland Security is responsible for enforcing the Immigration and Nationality Act ("INA") and for adjudicating applications to remove the conditions on residence and providing foreign nationals with evidence of their legal status in the United States. The U.S. Citizenship and Immigration Services is an agency within the Department of Homeland Security

to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision.

6.     The Defendant, **Joseph B. Edlow**, is being sued in his official capacity as the Director of the U.S. Citizenship and Immigration Services. In this capacity, he is charged with the administration and enforcement of the immigration laws, pursuant to 8 U.S.C., §1103, and he possesses extensive discretionary powers to grant certain relief to non-U.S. Citizens. More specifically, the Director of the USCIS is responsible for enforcing the Immigration and Nationality Act ("INA") and for adjudicating applications to remove the conditions on residence and providing foreign nationals with evidence of their legal status in the United States. The U.S. Citizenship and Immigration Services is an agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision.

7.     The Defendants, **Department of Homeland Security ("DHS") and the U.S. Citizenship and Immigration Services ("USCIS")** are the agencies responsible for enforcing the INA and for adjudicating and approving applications to remove the conditions on residence and providing foreign nationals with evidence of their legal status in the United States.

8.     The Defendant, **U.S. Citizenship and Immigration Services,** includes the **Immigrant Investor Program Office ("IPO").** The Defendant, **Samantha Deshommes**, is sued in her official capacity as the Chief of the Immigrant Investor Program Office ("IPO") which is the place where the Plaintiffs immigration file may currently be located, and which issued the Form I-829 receipts in this case. The IPO is located at 20 Massachusetts Avenue, Washington, DC 20529.

## JURISDICTION

9.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs' claims arise under the laws of the United States, specifically the Immigration and Naturalization Act, 8 U.S.C. § 1101, et seq. ("INA") and its implementing regulations. This Court may grant relief pursuant to 5 U.S.C. § 555(b) and § 701 et seq. (APA), 28 U.S.C. § 1361 (Mandamus Act) and 28 U.S.C. § 2201 (Declaratory Judgment Act). There is no jurisdictional bar to review under 8 U.S.C. § 1252(a)(2)(B)(ii) because: (1) the provision does not preclude review of an agency's failure to act; and (2) USCIS has a non-discretionary duty to adjudicate Form I-829 and issue EB-5 visas to applicants who meet the criteria for approval.

## VENUE

10. Venue is proper in this court, pursuant to 28 U.S.C. section 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district where the Plaintiffs and a Defendant reside and where a substantial portion of the events or omissions giving rise to the Plaintiffs' claims occurred. More specifically, the Plaintiffs reside in Massachusetts and the Plaintiffs' Form I-829 was filed while they lived in Massachusetts and where they have lived since the application was filed.

## EXHAUSTION OF REMEDIES

11. The Plaintiffs have exhausted their administrative remedies. The Plaintiffs paid the filing fee of $4,005.00 to the Defendant, USCIS, for the Form I-829 petition and over the past seven (7) years have waited patiently for the adjudication of the Form I-829. However, as of this date, USCIS has failed to issue a decision regarding the Plaintiffs' petition.

**LEGAL AND FACTUAL BACKGROUND**

12. Congress created the EB-5 Program in 1990 to stimulate the U.S. economy through job creation and capital investment by foreign investors like the lead Plaintiff and her family. Under the applicable laws and regulations at the time, a foreign citizen may obtain permanent resident status upon the investment of at least $500,000 and the creation of at least (10) ten full-time jobs as part of a new business venture. *8 U.S.C. § 1153(b)(5); 8 C.F.R. § 204.6.*

13. As part of the EB-5 Program there is both a direct investment program and a Regional Center program. To apply for an EB-5 visa as a direct investor in a new commercial enterprise, a foreign entrepreneur must submit a Form I-526 Petition and supporting documentation demonstrating that the required capital has been committed and is actually at risk; that the investment is made in a new commercial enterprise from the entrepreneur's own lawfully acquired funds; and the existence of a comprehensive business plan demonstrating that ten full-time jobs will be created by the investment. *8 C.F.R. § 204.6(j).* For an investment through an approved regional center, the petition must be accompanied by evidence that the requisite investment will create ten (10) full-time positions either directly or indirectly for no fewer than ten (10) individuals. *8 C.F.R. § 204.6(j)(4)(iii).*

14. Once an investor's Form I-526 Petition is approved, a foreign investor residing within the United States submits a Form I-485 to adjust status to that of a conditional lawful permanent resident. *8 U.S.C. § 1186b(a)(1); 8 C.F.R. § 245.1(h).* The foreign national's spouse and children may apply with the foreign investor as derivative beneficiaries. Before the end of the two-year conditional period, the foreign investor must file a Form I-829, "Petition by Entrepreneur to Remove Conditions." Through this form, the investor must demonstrate that the commercial

enterprise was established, and that the investment created or can be expected to create, within a reasonable time, the requisite number of jobs. If the Form I-829 Petition is approved, the investor, together with spouse and children derivative beneficiaries, is granted the status of a full lawful permanent resident. *8 U.S.C. § 1186b(c)-(e); 8 C.F.R. § 216.6.* By regulation a decision on Form I-829 shall be made within 90 days of the date of filing or within 90 days from the date of an interview in connection with the petition. *8 C.F.R. § 216.6(c).*

## CAUSE OF ACTION

15. In order to pursue investment opportunities in the United States, the lead Plaintiff, Huong Quynh Thi Le, decided to explore the option of becoming an immigrant investor under the EB-5 Program by creating a new commercial enterprise.

16. On or about January 30, 2015, the lead Plaintiff submitted her Form I-526 Petition along with comprehensive supporting evidence demonstrating that the required capital was committed and was actually at risk; that the investment was made from the lead Plaintiff's own lawfully acquired funds; and that, through the newly created commercial enterprise, there existed a comprehensive business plan showing that at least ten (10) full-time jobs would be created by the lead Plaintiff's investment.

17. In conjunction with the Form I-526 petition, the lead Plaintiff invested $1,029,000.00 in a new commercial enterprise, Ethos Business Partners, Inc., which created and operated a restaurant in Cambridge, Massachusetts. On or about July 20, 2016 USCIS notified the lead Plaintiff that her Form I-526 Petition was approved. Subsequently, the lead Plaintiff and her dependent family members, the additional Plaintiffs in this case, were issued conditional Lawful Permanent Residency cards by USCIS with the validity dates of September 28, 2016 through

September 28, 2018 and December 16, 2016 through December 16, 2018 after filing the I-485 Adjustment of Status Petitions with USCIS. (A copy of the Approval Notice for Form I-526 is attached hereto as Exhibit A).

18. On September 7, 2018, prior to the expiration of their conditional Lawful Permanent Residency cards, the Plaintiffs filed the Form I-829 Petition which is the subject of this litigation, along with the USCIS filing fees in the total amount of $4,005.00. (Copies of the receipts for Form I-829 are attached hereto as Exhibit B). The Plaintiffs have obtained evidence of their lawful permanent resident status, but have been forced to request such evidence annually while their Form I-829 is pending.

19. Pursuant to 8 CFR § 216.6(c)(1) a decision on a Form I-829 petition shall be made within 90 days of the date of filing or within 90 days of the interview, whichever is later. In this case the USCIS did not make a decision within 90 days from the date the Plaintiffs filed the Form I-829 petition and there is no indication that the USCIS will schedule the Plaintiffs for an interview in connection with the petition.

20. Despite the Plaintiffs' detailed Form I-829 Petition, timely filed in September, 2018, the Defendant, USCIS, has failed and/or refused to adjudicate the Form I-829 and has unreasonably delayed in taking any action at all on the Plaintiffs' petition.

21. The Plaintiffs have no hope that their Form I-829 will be adjudicated at any time in the near future without court intervention as the USCIS has continually moved the adjudication timeline posted at https://egov.uscis.gov/processing-times/ further back.  The processing time for the Form I-829 currently posted (December, 2025) by USCIS at https://egov.uscis.gov/processing-times/ is 47.5 months to process the 11 page Form I-829.  The

Plaintiffs' Form I-829 has now been pending over three (3) years beyond the processing time posted by the USCIS for such petition type.

22.     USCIS has not requested further information or evidence for the Plaintiffs' Petition, scheduled the Plaintiffs for an interview or provided an explanation for the reason behind the lengthy and continuing delay in adjudicating this short form for which a $4,005.00 fee has been paid, and has failed to provide any realistic indication of when the review might be completed, despite repeated requests from the Plaintiffs and despite the fact that their Form I-829 has been pending for more than three (3) years beyond the time USCIS normally adjudicates these petitions. See https://egov.uscis.gov/processing-times/.

23.     The Plaintiffs' Form I-829 Petition has been outstanding for over seven (7) years, a period that is more than sufficient for processing such petitions and well beyond the time USCIS indicates it normally adjudicates such petitions. On information and belief, USCIS has no valid justification for delaying its adjudication of the Plaintiffs' Form I-829 petition for over seven (7) years and the petition meets all statutory requirements.

24.     The lead Plaintiff has worked and lived in the United States lawfully during the time this adjudication has languished. However, the lengthy and unreasonable delays in the EB-5 visa process have created significant uncertainty and difficulties for the Plaintiffs.  The Defendants' delay has deprived the Plaintiffs of the myriad of privileges that accompany full permanent resident status in the United States. *8 U.S.C. § 1186b*.  Upon expiration of the current evidence the Plaintiffs have to show their residence, each Plaintiff will require further evidence of their immigration status to live and work in this country and will be required to seek such evidence

from the Defendant, USCIS. This process will delay the Plaintiffs ability to travel outside the United States and may affect their employment.

25.     The Plaintiffs have no other adequate remedy available to them to seek adjudication of their Form I-829 other than filing the instant complaint.

## CAUSE OF ACTION

### COUNT ONE
### ADMINISTRATIVE PROCEDURE ACT
### (Against All Defendants)

26.     The Plaintiffs repeat and reallege the allegations in paragraphs 1 through 25 above and incorporate them herein by reference.

27.     Section 555 of the APA commands administrative agencies to conclude matters presented to the agency for decision "within a reasonable time." *5 U.S.C. § 555(b)*("With due regard for the convenience and necessity of the parties . . . and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it.") (emphasis added).

28.     "Agency action" covered by the APA includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act." 5 U.S.C. § 551(13) (emphasis added)*.

29.     The APA explicitly provides a right of judicial review to a person "adversely affected or aggrieved" by an agency's "fail[ure] to act" or other such agency action. *5 U.S.C. § 702*.

30.     When, as here, a proper showing is made, "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." *5 U.S.C. § 706(1)*. The court must also "hold unlawful and set aside agency action" that is: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;" "in excess of statutory jurisdiction, authority, or

limitations, or short of statutory right;" or "without observance of procedure required by law." *5 U.S.C. § 706(1); § 706(2)(A), (C), (D)*.

31.     USCIS, acting through Defendants, has a clear, mandatory duty to adjudicate petitions from immigrant investors like the Plaintiffs and issue visas when the requirements have been satisfied. *8 U.S.C. § 1153(b)(5)(A)* ("Visas *shall* be made available . . . to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise.") (emphasis added); *8 U.S.C. § 1154(b)* ("After an investigation of the facts in each case . . . the [Commissioner] *shall*, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made . . . is eligible for preference under [8 U.S.C. § 1153(b)], *approve the petition*.") (emphasis added). *8 C.F.R. § 204.6(k), see also, Spencer Enters., Inc. v. United States*, 345 F.3d 683, 689 (9th Cir. 2003).

32.     The Plaintiffs complied with all the requirements for approval of their Form I-829 Petition when it was filed in September, 2018. *8 C.F.R. § 204.6.* Since that time, USCIS has unreasonably withheld, and unlawfully and unreasonably delayed, acting on the Plaintiffs' Petition in violation of the INA and APA.

33.     USCIS has abused its discretion and acted in an arbitrary and capricious manner by failing to adjudicate the Plaintiffs' Form I-829 Petition within a reasonable time, contrary to Congress's explicit mandate to the agency set forth in the INA and APA. *8 CFR § 216.6(c)(1).*

34.     The Plaintiffs have a clear right to have their petition adjudicated and have no other adequate legal remedy available to them. The Defendants' delay has deprived the Plaintiffs of the myriad of privileges that accompany full permanent resident status in the United States. *8 U.S.C. § 1186b.*

35.     The Plaintiffs have no other adequate remedy available to them other than filing the instant Complaint. The Plaintiffs seek an order compelling USCIS to act, immediately upon entry of an order from this court, on their pending Form I-829 Petition, which has been and remains in a condition supporting immediate approval.

**COUNT TWO**
**MANDAMUS ACT**
**(Against All Defendants)**

36.     The Plaintiffs repeat and reallege the allegations in paragraphs 1 through 25 above and incorporate them herein by reference.

37.     The Plaintiffs seek a writ of mandamus to compel Defendants' officer(s) and/or employee(s) of the United States "to perform a duty owed to the plaintiffs." *28 U.S.C. § 1361*.

38.     USCIS, acting through Defendants, has a mandatory duty to adjudicate the Plaintiffs' Form I-829 Petition within a "reasonable time" under the INA and APA. The Defendants have unlawfully and unreasonably delayed in adjudicating the Plaintiffs Form I-829 Petition despite the Plaintiffs petition being in a condition supporting immediate approval and despite the fact that the petition has been pending three years longer than the time USCIS indicates it usually completes adjudication of Form I-829.

39.     The Plaintiffs seek an order compelling USCIS to adjudicate their Form I-829 Petition without further delay and immediately upon entry of judgment in the Plaintiffs' favor.

**<u>PRAYERS FOR RELIEF</u>**

WHEREFORE the Plaintiffs respectfully pray that this Honorable Court enter an order:

(a)     accepting jurisdiction over the subject matter in this action;

(b)     requiring Defendants to adjudicate the Plaintiffs' Form I-829 petition immediately upon entry of judgment in favor of the Plaintiffs;

(c) declaring Defendants' unreasonable delay and failure to adjudicate the Plaintiffs' Form I-829 Petition to be in direct violation of the Administrative Procedures Act, the Mandamus Act, and the Immigration Nationality Act;

(d) awarding the Plaintiffs all costs and reasonable attorney's fees associated with this matter; and

(e) granting such other relief at law and in equity as justice may require.

**Respectfully submitted,**

**Huong Quynh Thi Le**, **Thao Van Tran,
Mai Thanh Tran, and Huong Thao Tran**

**By their attorney,**


**/s/ Anthony Drago, Esq.**
**Anthony Drago, Esq. (BBO #552437)**
**Anthony Drago, Jr., P.C.**
**88 Broad Street – 5th Floor**
**Boston, MA 02110**
**(617) 357-0400**
**Anthony@adragopc.com**